E-Filed 12/8/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES HARVEY, aka ABDUL SHAKUR,<br><br>   Plaintiff,<br><br>   v.<br><br>S. BURRIS, et al.,<br><br>   Defendants. | No. C 14-4133 RS (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

In this federal civil rights action filed under 42 U.S.C. § 1983, plaintiff, a state prisoner proceeding pro se, alleges his jailors at Pelican Bay State Prison violated his constitutional rights when they filed a false disciplinary report and placed him on contraband surveillance watch. Defendants move to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) as untimely and because the allegations in the complaint fail to state a claim for relief. For the reasons stated here, defendants' motion is GRANTED, and the action is DISMISSED.

## FACTUAL BACKGROUND

The following factual allegations are undisputed unless specifically noted otherwise. In March 2010, defendants, correctional officers at Pelican Bay State Prison, placed plaintiff on contraband watch for five hours after he failed to comply with a prison guard's instructions during a strip search. A disciplinary report was filed, which resulted in a charge against plaintiff of willfully delaying a peace officer. Plaintiff was found guilty of the charge and had to forfeit 90 days of time credits.

Plaintiff asserts his shingles outbreak prevented him from full compliance with instructions. He alleges (1) his detention in a contraband cell for five hours violated his constitutional rights; and (2) the disciplinary report is false.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994).

## DISCUSSION

Defendants move to dismiss on grounds that (I) his contraband watch claim is unexhausted, as this Court determined in a prior action; and (II) his allegations fail to state claims for relief.[1] (Defs.' Mot. to Dismiss ("MTD") at 7–8.)

---

[1] Defendants also contend they are entitled to qualified immunity, and the claims are barred by the statute of limitations. (MTD at 6–7, 10–11.) Because the claims fail on other grounds, the Court need not address these additional reasons for dismissal.

## I. Failure to Exhaust Contraband Watch Claim

In a prior action (*Harvey v. Scott*, No. C 12-02523 RS), this Court determined that plaintiff failed to exhaust the same contraband watch claim at issue here.[2] (Compl., Ex. CC.) Defendants contend the instant claim must be dismissed as unexhausted. (MTD at 7–8.)

Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Relitigation of an issue decided in a prior proceeding is prohibited by the doctrine of collateral estoppel. *Allen v. McCurry*, 449 U.S. 90, 96, 105 (1980) (collateral estoppel applies to § 1983 suits). Collateral estoppel, also known as issue preclusion, prohibits the relitigation of issues decided in a prior proceeding when "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and quotation marks omitted).

All elements of collateral estoppel are present here, as defendants have shown. The present issue — whether plaintiff exhausted his contraband watch claim — is identical to the one decided in the prior proceeding; exhaustion was actually litigated and actually decided in the prior action (it was the central issue); there was a full and fair opportunity to litigate the issue in the prior proceeding (both parties fully briefed the issue); and the litigation of the exhaustion issue was necessary to support a valid and final judgment on the merits (the decision in the prior proceeding was the reason the action was dismissed). The Court also notes that the party against whom preclusion is sought (plaintiff) is the same in both actions.

---

[2] The judgment in No. 12-02523 (entered on February 28, 2014) was never appealed.

This Court's prior determination of the issue of exhaustion applies here and bars relitigation. Furthermore, plaintiff concedes in his opposition that he did not exhaust his contraband watch claim and that the Court "rightfully ruled against" him in the prior action. (Pl.'s Opp. to MTD at 2.) The claim therefore is unexhausted, defendants' motion to dismiss the contraband watch claim is GRANTED, and the claim is DISMISSED.

## II.     Failure to State a Claim

### A.     Contraband Watch Claim[3]

Plaintiff's five-hour stay in a contraband watch cell is too short a time to amount to a hardship that violated his constitutional rights, either under the Eighth or Fourteenth Amendment. *Sandin v. O'Connor*, 515 U.S. 472, 484 (1995); *Frye v. Oleshea*, No. C 08-5288 CW, 2012 WL 951318, at *6 (N.D. Cal. Mar. 20, 2012) (deciding as a matter of law that a 48-hour confinement in a contraband cell does not violate the Eighth Amendment); *Meraz v. Reppond*, No. C 08-4540 MHP, 2009 WL 723841, at *2 (N.D. Cal. Mar. 18, 2009) (plaintiff's 72-hour stay in a contraband watch cell insufficient to violate the Eighth Amendment); *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) (temporary placement in a contraband watch cell insufficient to show an extreme change in the conditions of confinement that would implicate his liberty interest under due process).

Defendants' motion to dismiss for failure to state a claim is GRANTED. The claim is DISMISSED on the additional ground that it fails to state a claim.

### B.     False Report Claim

Plaintiff's false report allegations fail to state a claim. First, a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct

---

[3] Plaintiff also alleges that while in the contraband watch cell defendants placed a "contraption" on him which was "designed [to] inflict[] pain." (Compl. at 4.) He does not describe the "contraption" or detail what sort of pain was inflicted. This conclusory, undetailed claim is dismissed because it fails to meet the pleading requirements of *Twombly*. A plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted).

which may result in the deprivation of a protected liberty interest.  *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.  *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984).  Second, because, as determined above, there was no deprivation under *Sandin*, a false charge is not actionable under § 1983 unless it implicates another constitutional right (e.g., the First Amendment right to be free of retaliation).  *See Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002).

Under these standards, plaintiff's allegations that defendants filed a false report, even if true, do not state a claim under § 1983.  There was no *Sandin* deprivation and plaintiff has made no allegation that he failed to receive due process at his hearing or at any other time, or that any other constitutional right was implicated by defendants' actions.  Defendants' motion to dismiss this claim for failure to state a claim for relief is GRANTED.  This claim is DISMISSED.

## CONCLUSION

Defendants' motion to dismiss this action (Docket No. 18) is GRANTED and the action is DISMISSED.  The Clerk shall terminate Docket No. 18, enter judgment in favor of all defendants as to all claims, and close the file.

**IT IS SO ORDERED**.

DATED: December 8, 2015

RICHARD SEEBORG
United States District Judge